UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF THE ALAMEDA COUNTY PUBLIC DEFENDER, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-08534-JST  (KAW)<br><br>**ORDER RE 10/7/2022 DISCOVERY LETTER**<br><br>[Discovery Letter No. 1]<br><br>Re: Dkt. No. 68 |

On October 7, 2022, the parties filed a joint discovery letter regarding whether Plaintiff should be required to undergo an expert psychological examination. (Discovery Letter at 1, Dkt. No. 68.) Plaintiff was involuntarily committed between 2007 and 2020 under the Sexually Violent Predator's Act ("SVPA") and seeks damages from his incarceration including emotional distress. (*Id.* at 2, 3.)

Federal Rule of Civil Procedure 35(a)(1) states, in relevant part, that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed certified examiner." "A mental condition is 'in controversy' when it is itself the subject of the litigation." *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013). Thus, "[c]ourts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that his or her mental condition is in controversy within the meaning of Rule 35(a)." *Snipes v. United States*, 334 F.R.D. 667, 669

1    (N.D. Cal. 2020 (internal quotation omitted)).

2          The Court finds that Defendant has established good cause for an independent mental examination. Here, Plaintiff seeks substantial damages of at least $1 million per year during his incarceration under the SVPA, including for specific psychological injuries such as depression, trauma, fear for his life and safety, panic attacks, sleeplessness, and memory loss. (Discovery Letter at 2, 5; *see also Snipes*, 334 F.R.D. at 670 "(an independent mental examination is also warranted where the plaintiff identifies specific *injuries* caused by the defendant's conduct.") Further, Defendant raises an issue of causation, as Plaintiff also testified his emotional distress was "a result of broken familial relationships, remorse for the [underage] victims of his qualifying conviction and their parents, [and] his initial incarceration in prison for fourteen years prior to his SVP detainment[.]" (Discovery Letter at 2.) Thus, a psychological examination is warranted. *See Snipes*, 334 F.R.D. at 671 (finding good cause where there was an issue of "causation, and an independent mental examination is necessary to assess whether the government caused [the plaintiff]'s claimed emotional distress").

      In opposition, Plaintiff argues that he is only seeking to recover emotional distress during his incarceration under the SVPA, and not for any ongoing emotional distress. (Discovery Letter at 3.) In support, Plaintiff relies on *Goomar v. Centennial Life Insurance Co.*, which found that "[r]etrospective expert testimony regarding the existence or onset of a mental illness is inadmissible speculation" under *Daubert*. 855 F. Supp. 319, 326 (S.D. Cal. 1994). *Goomar* is readily distinguishable. There, the psychiatrists testified that the plaintiff suffered from a psychotic condition between 1980 and 1984, causing him to molest four patients. *Id.* The psychiatrists, however, did not see the plaintiff until 1992 and 1993. *Id.* Moreover, although both psychiatrists sought to opine on the plaintiff's condition based on his self-reporting, they also admitted that the plaintiff's present psychotic condition rendered his statements unreliable and self-serving. *Id.* Under such circumstances, the opinions were speculative and inadmissible.

      In contrast, Plaintiff's injuries are allegedly the result of his incarceration through 2020. Moreover, while Plaintiff states that he is not seeking damages for ongoing emotional distress, he admits that he "*still suffers* from emotional distress due to those events." (Discovery Letter at 4

(emphasis added).) The fact that Plaintiff does not seek damages from ongoing emotional distress does not automatically render an independent examination speculative; rather, given both the relative recency of Plaintiff's incarceration and the ongoing nature of his emotional distress, the concerns of speculation and unreliability raised in *Goomar* are not at issue here. *C.f. Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) ("Had plaintiff elected to assert the existence of an ongoing mental illness resulting from defendants' acts or omissions, defendants would undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the existence of such a condition."); *Benchmaster, Inc. v. Kawaelde*, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (denying examination concerning the plaintiff's mental condition between 1972 and 1982 where the plaintiff alleged that he lost his free will and was unable to act voluntarily during this time only). To find otherwise would permit a party to avoid an independent mental examination based solely on the time period during which emotional distress damages are sought. *See Snipes*, 334 F.R.D. at 672 ("Snipes has offered to limit her claim for emotional distress damages to the time period up until May 2019. However, it is unclear how a unilateral time limit chosen by Snipes overcomes the fact that she claims the events at issue in this lawsuit are the only cause of stress in her life while at the same time not allowing the government to conduct discovery to ascertain if those assertions are true."); *Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA (WVG), 2013 U.S. Dist. LEXIS 93826, at *21 (S.D. Cal. July 3, 2013) ("the Court is apprehensive of encouraging a practice whereby a party attempts to thwart a request for an IME by asserting that they are no longer suffering from emotional distress and that therefore an IME is inappropriate to determine past suffering").

Accordingly, the Court ORDERS Plaintiff to undergo an independent mental examination. The parties shall meet and confer as to the timing and scope of the examination, as well as the identity of the examiner.[1]

---

[1] Plaintiff asks that any exam "be delayed until after summary judgment to ensure Defendants' claim that it is relevant to damages is genuine," as Plaintiff contends that the only reason Defendants request a mental examination is "to compel [Plaintiff] to speak as much as possible for as long as possible with the hope that they'll be able to pull some quotes out of context to support their defense or that he'll forget something that happened years ago." (Discovery Letter at 5.) This appears speculative at best, and is not grounds for delaying the exam until after summary

3

1          This order disposes of Docket No. 68.

2          IT IS SO ORDERED.

3     Dated: November 3, 2022

4                                                                    _____
                                                                     KANDIS A. WESTMORE
5                                                                    United States Magistrate Judge

---

judgment.  The parties are, of course, free to agree to delay the exam until after summary judgment.

4